McLlvaine, J.
In general, a petition in error must be prosecuted by a party to the record and to the judgment •sought to be reversed; but if such party die before error is prosecuted, his administrator or executor, or heir, according to the nature of the subject-matter of the judgment, who becomes privy thereto by operation of law, may commence and prosecute a proceeding in error, without first being made a party to the judgment by revivor or otherwise. Hammond v. Hammond, 21 Ohio St. 620. 8 Cowen, 333, 346. 3 Bacon’s Ab. 330.
But where a person not a party to the judgment prosecutes a proceeding in error, he must, by proper averments in the petition in error, show the facts, under which he •claims to be privy to the judgment. Swan’s Pr. & Pre. 1141. The principal question for determination on this motion is, must such a petition in error be verified under section 46, chapter 7, division 2 of the code (75 Ohio L. 624.)
This section provides, “ every pleading and motion must be subscribed by the party or his attorney, and every pleadings of fact . . . must be verified by the affidavit of the party, his agent or attorney.” The terms here used are certainly broad enough to embrace petitions in error, when such petitions contain issuable averments of facts, as in the case before us.
It is claimed, however, that the provision above quoted .applies only to pleadings in original actions, and not to pleadings in error, notwithstanding its general terms, because section 10, chapter 1, title 4 (75 Ohio L. 805), which provides that proceedings in error shall be by petition in er *246 ror, does not require a verification of the petition, and that ever since the adoption of the civil code, the practice has-been to omit the verification to petitions in error.
Where the petition in error is filed by a party to the-judgment and contains simply an assignment of errors upon a record which is exhibited and proves itself, such petition is not a pleading of fact, but tenders issues of law mérely; and we have no intention to disturb the practice-in such cases. But where the petition in error contains allegations of material facts, not appearing in the record and going to the right of the plaintiff to prosecute the proceeding, we can find no sufficent reason for holding that such petition is not a pleading of fact within the rule requiring-verification.

Motion granted.